IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 JUN 12 P 1:48

| | |
|---|---|
| WILMA I. FITZPATRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:07-CV-519-ID |
| v. ) | |
| ) | |
| ALABAMA DEPARTMENT OF ) | JURY DEMAND |
| AGRICULTURE & INDUSTRIES, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** Wilma I. Fitzpatrick (Plaintiff), and for her complaint against Alabama Department of Agriculture & Industries and its agents and representatives (Defendant) hereby complains as set forth herein below.

## JURISDICTION

1. This Court has jurisdiction over the litigation herein pursuant to 28 U.S.C. Sections 1331 and 1343, 42 U.S.C. Section 2000e and Retaliation.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action.

## VENUE

3. Defendant is located and/or doing business within this judicial district (Middle District and the Northern Division of Alabama). This action is brought within the judicial district wherein the unlawful

1

employment practices were committed, making venue proper under 42 U.S.C. Section 2000(e)-5(f) (3), 28 U.S.C. Section 1391(b) and Retaliation.

## PARTIES

4. Plaintiff Wilma I. Fitzpatrick, hereinafter referred to as "Plaintiff," is an African-American female resident of the United States, residing in Montgomery County, Alabama. Plaintiff is a resident of this judicial district, and has been employed by Defendant at all times material hereto. Plaintiff is a member of the protected class for race and sex within the meaning of Title VII. Plaintiff is also an employee of Defendant within the meaning of Title VII.

5. Defendant, Alabama Department of Agriculture & Industries, hereinafter referred to as "Defendant" is a state agency and is authorized to do business in the State of Alabama, and employs at least fifteen (15) persons and otherwise meets the jurisdictional prerequisites of Title VII.

## NATURE OF THE CASE

6. This is a lawsuit brought by Plaintiff seeking permanent relief from unlawful discriminating practices by Defendant. Plaintiff has been adversely affected by discrimination involving promotion, compensation, assignments, retaliation and other terms and conditions of employment as a result of Defendant failing to remedy systemic employment discrimination on the basis of race, sex, and

retaliation. The practices committed and continuing to be committed by Defendant violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII").

## FACTUAL BACKGROUND

7. Plaintiff first began working for Defendant on or about December 14, 1979, in Auburn, Alabama.

8. On or about September 3, 2002, Plaintiff started her new position as Program Director of Plant Industry in Montgomery, Alabama.

9. This position came with a car. Plaintiff was not provided with a car. However, male Program Directors were provided with a car. The only difference between Plaintiff and the other Program Directors is their gender. Plaintiff is female. All other Program Directors are male.

10. Plaintiff was assigned to supervise the following units: Plant (Tom Johnson), Audits Reports/Stockyards & Brands (Annie Patterson), Seed Laboratory (John Crayton, a Program Director), Feed & Fertilizer Laboratory (Wane Adcock), Agriculture Compliance (Benny Hitch) and Shipping Point (Darrell Buxton).

11. On or about March 21, 2003, Plaintiff was finally assigned a car. On April 2, 2003, cars were taken from Program Directors and Unit Managers who did not travel over 20,000 miles a year.

12. When the cars were initially reissued, no black Program Directors received their cars back. White Program Directors received their

cars back. Only after persistently asking and insisting did one black, George Parish, finally receive his car back. In this instance, the Plaintiff was discriminated against based on her race, African American.

13. On or about April 30, 2003, Plaintiff applied for Agriculture Division Director; Plaintiff was ranked No. 8 out of 8 applicants - last. Plaintiff was well qualified for the position. Plaintiff does not understand how her rating could be so low. Plaintiff had 23 years of experience with the Defendant. Again, Plaintiff was discriminated against based on her sex, female.

14. On June 23, 2006, Plaintiff, among other black employees, complained to the Alabama State Employee Association (ASEA) that Blacks were being discriminated against by the Defendant. Plaintiff and her black co-workers discussed the hiring and promoting disparity and the disparity in the issuance of state cars, between blacks and whites.

15. July 18, 2006, Plaintiff was called to Ronnie Murphy's office, supervisor. Lance Hester, Division Director, was also present. Plaintiff was informed that effective immediately her duties had changed and she was no longer a supervisor. Plaintiff was now the Quality Assurance and Safety person. This move was a demotion of sorts. The move was in retaliation for Plaintiff complaining to

ASEA. The Quality Assurance and Safety position is not an official State position. It appears that the position was created for Plaintiff.

16. Plaintiff was moved into a smaller office in the Food and Drug Lab. Through Plaintiff was never given a car as a Program Director, she was given a car with the "demotion" from Program Director. Plaintiff was told that she would not be getting any money for the new duties.

17. Plaintiff was put over 5 labs without compensation. Plaintiff was not allowed to contact her Unit Managers to inform them of her removal as their supervisor. Lance Hester informed them of the changes.

18. Defendant placed the Plaintiff in a position designed for failure.

19. Plaintiff applied for a Division Director position. On or about September 1, 2006, Plaintiff learned that she did not receive the Division Director promotion.

20. There were two Division Director positions available. Lance Hester received one of the positions. Tony Cofer was appointed as Acting Division Director for the second position.

21. It is clear that Plaintiff was the most qualified person for the second position, but the Department refused to promote Plaintiff to this position due to sex discrimination.

22. Plaintiff has not been given a reason as to why she was been promoted.

23. The Plaintiff is of the belief that she was discriminated against in violation of Title VII of the 1964 Civil Rights Act, as amended based on sex and race and in retaliation to her complaint of the discriminatory treatment of blacks in the workplace.

## COUNT ONE

## SEX DISCRIMINATION – TITLE VII

24. Plaintiff adopts by reference paragraphs one through twenty-three above, the same as if more fully set herein, and further alleges anew.

25. In taking the above described actions, Defendant intentionally discriminated against Plaintiff on the basis of her sex when she was denied a car when she was promoted to Program Director in September 2002; and when Plaintiff was denied promotion to Division Director.

26. As a proximate consequence of the violations of Title VII based on sex by Defendant, Plaintiff has suffered and will continue to suffer damage to her professional life and current and future career opportunities. Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life and non-pecuniary damages.

## COUNT TWO

## RACE DISCRIMINATION – TITLE VII

27. Plaintiff adopts realleges and incorporates by reference paragraphs one through twenty-six above, the same as if more fully set herein, and further alleges anew.

28. In taking the above described actions, Defendant intentionally discriminated against Plaintiff on the basis of her race when after she finally received a car on March 21, 2003, all cars were removed from Program Directors and Unit Managers, but once the cars were returned to Program Directors, Plaintiff did not receive her car back.

29. As a proximate consequence of the violations of Title VII based on race by Defendant, Plaintiff has suffered and will continue to suffer damage to her professional life and current and future career opportunities. Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life and non-pecuniary damages.

## COUNT THREE
## RETALIATION

30. Plaintiff adopts realleges and incorporates by reference paragraphs one through twenty-nine above, the same as if more fully set herein, and further alleges anew.

31. In taking the above described actions, Defendant retaliated against Plaintiff when she filed a complaint with the State Employee Association against Defendant for discriminatory practices.

32. As a direct result of the ongoing retaliation against Plaintiff, Plaintiff's constitutional rights have been abridged.

33. As a proximate cause of the Defendant's actions, Plaintiff has been injured and damaged, as set forth in paragraphs above.

## DAMAGES

34. As a direct and proximate result of violations of Federal Statutes of the United States Constitution, Plaintiff suffered the following injuries and damages:

    a) Psychological pain and suffering, mental anguish and emotional distress in the past and future;

    b) Loss of society.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court grant the following:

a) Assume jurisdiction over this action;

b) A judgment declaring that Defendant violated 28 U.S.C. Sec. 1331, 42 U.S.C. Sec. 2000(e), et. Seq. and Retaliation;

c) All backpay and fringe benefits as a result of the discrimination and retaliation, with interest;

d) Attorney's fees;

e) Costs;

f) Prejudgment interest;

g) An award of such compensatory damages for any loss of wages, and loss of benefits, including, but not limited to, retirement pension benefits, mental anguish, emotional distress, and embarrassment, both past, present and future to which Plaintiff may be entitled; and such further, other and different legal or equitable relief as the Court may deem appropriate or which she may be entitled, and

h) Punitive damages.

## JURY DEMAND

Plaintiff demands trial by jury on each and every cause of action.

Respectfully submitted,

_____
Juraldine Battle-Hodge (BAT033)

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

_____
OF COUNSEL

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

9