IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILMA I. FITZPATRICK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:   2:07cv519-ID |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| AGRICULTURE & INDUSTRIES ) | |
| ) | |
| Defendants. ) | |

## ANSWER

**COMES NOW,** the defendant, Alabama Department of Agriculture & Industries, and in answer to plaintiff's Complaint, states as follows:

1. The defendant admits the existence of federal question jurisdiction. However, the defendant denies that unlawful discrimination occurred and demands strict proof thereof.

2. Denied.

3. Defendant admits proper venue; however, defendant denies any unlawful employment practices were committed and demands strict proof thereof.

4. Admitted.

5. The defendant admits it is a state agency and is authorized to do business in the State of Alabama. Defendant admits it employees at least 15 persons. Defendant denies the remainder of Paragraph 5 and demands strict proof thereof.

6. Denied.

7. Defendant admits that the plaintiff began her employment on or about December 14, 1979.

8. Defendant admits that the plaintiff was promoted to Agriculture & Industries Program Director in 2002.

9. Denied.

10. Defendant admits that the plaintiff's duties included providing supervision and oversight to units in the agricultural division/plant industry.

11. Denied.

12. Denied.

13. Defendant denies that plaintiff was discriminated against. This defendant does not have enough information to admit or deny the remainder of plaintiff's allegations in Paragraph 13.

14. Defendant does not have enough information to admit or deny the allegations of Paragraph 14.

15. Defendant admits that plaintiff's duties and responsibilities were reassigned on July 18, 2006 to those of Program Director responsible for Quality Assurance Programs in each of the six laboratories for the department. Defendant denies the remaining allegations of Paragraph 15 and demands strict proof thereof.

16. Defendant admits plaintiff was provided a state vehicle. Defendant denies the remaining allegations in Paragraph 16 and demands strict proof thereof.

17. Denied.

18. Denied.

19. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 19.

20. Defendant admits that Lance Hester and Tony Cofer are division directors.

21. Denied.

22. Denied.

23. Defendant denies that plaintiff was discriminated against in violation of Title VII, and demands strict proof thereof.

24. Defendant realleges and incorporates responses to Paragraphs 1 through 23 by reference as if fully set forth herein. To the extent called for, defendant also adopts and incorporates responses to Paragraphs 25 through 34 as if fully set forth herein.

25. Denied.

26. Denied.

27. Defendant realleges and incorporates responses to Paragraphs 1 through 26 by reference as if fully set forth herein. To the extent called for, defendant also adopts and incorporates responses to Paragraphs 28 through 34 as if fully set forth herein.

28. Denied.

29. Denied.

30. Defendant realleges and incorporates responses to Paragraphs 1 through 29 by reference as if fully set forth herein. To the extent called for, defendant also adopts and incorporates responses to Paragraphs 31 through 34 as if fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action against this defendant upon which relief may be granted to the plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

The defendant pleads the general issue.

**THIRD AFFIRMATIVE DEFENSE**

The defendant pleads not guilty.

**FOURTH AFFIRMATIVE DEFENSE**

The defendant avers that it is not guilty of any violation of the plaintiff's employment rights.

**FIFTH AFFIRMATIVE DEFENSE**

The defendant pleads the statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff has failed to exhaust her administrative remedies.

**SEVENTH AFFIRMATIVE DEFENSE**

The defendant affirmatively avers that any actions it took, having any bearing whatsoever on plaintiff, were taken for legitimate nondiscriminatory reasons and were an appropriate exercise of its authority without intent to discriminate against plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff's claim for relief is barred for a failure to mitigate her damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

The defendant denies that it acted with any discriminatory intent.

### TENTH AFFIRMATIVE DEFENSE

The defendant avers that all actions were taken in good faith.

### ELEVENTH AFFIRMATIVE DEFENSE

The defendant avers that all actions were made for bona fide business purposes.

### TWELFTH AFFIRMATIVE DEFENSE

All of the acts or omissions alleged by the plaintiff were for legitimate, nondiscriminatory reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant avers that all employment decisions were made as a result of business necessity.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant denies that any violation of Title VII has occurred and demands strict proof thereof.

### FIFTEENTH AFFIRMATIVE DEFENSE

At all times relevant to this Complaint defendant acted based on reasonable factors other than sex or race in dealing with the plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff contributed to any of the alleged damages or injuries received.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to punitive damages in this action and any order of punitive damages against this defendant would amount to a violation of this defendant's constitutional rights.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The plaintiff's alleged injuries and damages resulted from her own conduct, and she contributed to any of the alleged damages or injuries received. She should be estopped from any cause of action in this matter.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant pleads the ninety (90) day time limitation contained in 42 U.S.C. §2000e-5(f).

**TWENTIETH AFFIRMATIVE DEFENSE**

To the extent that plaintiff asserts claims that arose more than 180 days prior to the filing of an EEOC charge, those claims are barred for failure to satisfy the statutory prerequisites to suit.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

To the extent that plaintiff asserts claims that arose more than 180 days prior to the filing of an EEOC charge, those claims are time-barred and due to be dismissed.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff is estopped from seeking equitable relief as she comes into this Court with unclean hands.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant pleads accord and satisfaction.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant denies any wrongful, tortious, fraudulent or improper conduct.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant avers that plaintiff is limited to the scope of the EEOC charge of discrimination. Defendant pleads the applicability of 42 U.S.C. §1981a and the damage limitations contained therein.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the due process clause of the Fourteenth amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same or similar acts, and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendment of the United States Constitution.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because

it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and it constitutes a deprivation of property without the due process of the law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

1. Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

2. Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

3. Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

4. Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

5. Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

6. Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of the procedural safeguards provided to defendant under the Sixth Amendment

to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

7. It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

8. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

9. Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

   a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit or, the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

   e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum

       criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

    f)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

10.    Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

    a)    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

    c)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

    e)    The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

    f)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant.

11.    Plaintiff's attempt to impose punitive or extracontractual damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

12. The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

13. The award of punitive damages against Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

14. The Complaint fails to state a claim for punitive damages under Alabama Code §§ 6-11-20 to 6-11-30 (1975) and is barred.

15. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compels Defendant to disclose evidence.

16. Plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, Ala.Code, 1975. This defense is intended to challenge the ruling stated in Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993).

    /s/    Emily C. Marks
EMILY C. MARKS

    /s/    E. Hamilton Wilson, Jr.
E. HAMILTON WILSON, JR.
Attorneys for the Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on July 3, 2007, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

Juraldine Battle-Hodge
207 Montgomery St., Ste. 215
Montgomery, AL  36104-3528

                                          /s/ Emily C. Marks
                                          OF COUNSEL